Sneed, J.,
delivered the opinion of the court.
The bill alleges that the complainant became the purchaser, of a tract of land belonging to the estate of J. M. Moore, deceased, which , was sold under a decree of the Chancery Court, for the payment of debts and for distribution; that he executed his notes for the purchase . money, and that the sale was reported and confirmed. That at the time of said sale the complainant knew that there was a lien on a portion of said land, but he believed that the estate would be amply able to discharge said incumbrance, and thus believing, he ventured to make the purchase. *482 That sometime afterwards it was ascertained that the estate of the said J. M. Moore was insolvent, and the insolvency has been suggested by the administrator. That judgment has been rendered on the pur■chase money notes, and the collection thereof is about •to be enforced. The bill prays an injunction against the collection of said judgment until an account be had as to the amount of said lien, and that the •amount so ascertained be credited upon said judgment.
The administrator demurred to the bill, upon the •ground that the bill admits that at the time of the purchase the complainant had full knowledge of the alleged vendor’s lien, and there being no warranty at the master’s sale, and the sale having been confirmed without objection, he cannot be heard to complain ; and upon the. further ground that the complainant, in his purchase, risked his own judgment as to the condition of the estate, and he does not pretend that any fraud was practiced upon him by any one in the sale. The Chancellor allowed the demurrer, and the bill was ■dismissed.
We think the decree is right. The ground assumed on behalf of complainant is, that he was mistaken in his judgment and calculation as to the ability of the estate to discharge this vendor’s lien upon the land he had purchased. This is the only ground upon which this relief is demanded, and we are referred to Deaderick v. Smith, 6 Hum., 147, and Read v. Fite, 8 Hum., 330, in which the case of Smith v. Brittain, 3 Ired. Eq. Rep., 347, is cited and approved, which holds that a sale by the master in such *483 a case is but a mode of sale by the parties themselves. It is not merely a sale by the law in invito of such interest as the party has, in which the rule is caveat emptor; and hence, if a purchaser pays his money on a master’s sale, and discovers a defect in the title at any time before conveyance executed, he may recover it back. And the - purchaser’s remedy is by petition in the same cause_ in which the sale was ordered. But that case cannot be likened to this. In this case the purchaser knew of the defect in the title before and at the time of his purchase, and it was after the confirmation that he brings his bill for relief. The doctrine of a mistake of fact is certainly a ground of relief in some peculiar cases in a court of equity, but we think this is not one of those eases. That character of mistake of fact .for which a court of equity will relieve, is defined to be “some unintentional act, omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence.” 1 Story’s Eq. Jur., 110. And the fact must be material to the. contract, essential to its character, and an efficient cause of its concoction: 1 Ves. Ch., 120, 210; 6 Binn. Rep., 102; 11 Grat., 466; 2 Barb. N. Y., 37; 2 Sandf. Ch., 298: 13 Penn., 371.
We think no case can be found where a party has obtained relief of this nature after confirmation, when. the alleged mistake is a mere error of his own unaided judgment as a trader.
Affirm the decree.